**DISTRICT COURT OF THE
VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

REGINA EVANS,

                Plaintiff,

        -v.-

LIMETREE BAY TERMINALS, LLC,

                Defendant.

**1:23-cv-00042 (CAK-EAH)**

**MEMORANDUM OPINION
AND ORDER**

CHERYL ANN KRAUSE, *Circuit Judge*, sitting by designation.[1]

Before the Court is Plaintiff Regina Evans's motion to remand this civil action to the Superior Court of the Virgin Islands. (Dkt. #6). For the reasons explained below, the motion will be GRANTED.

I

On September 8, 2023, Evans filed a complaint in the Superior Court of the Virgin Islands, naming as the Defendant her former employer—Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals, LLC. (Dkt. #1-1). The original complaint asserted three claims: (1) a violation of the Virgin Islands Wrongful Discharge Act, 24 V.I.C. § 76; (2) a violation of the federal Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 *et seq.*; and (3) intentional infliction of emotional distress. (Dkt. #1-1).

---

[1] On March 19, 2026, this case was reassigned to the undersigned judge for all further proceedings. (Dkt. #26).

On October 5, 2023, Limetree Bay Terminals timely removed the civil action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446, premised on this Court's original federal-question jurisdiction over Evans's FMLA claim, *see id.* § 1331, and supplemental jurisdiction over Evans's two territorial-law claims, *see id.* § 1367.  (Dkt. #1).[2]

In response, on October 17, 2023, Evans amended her complaint by removing her FMLA claim and retaining only her two territorial-law claims.  (Dkt. #5-1).  Two days later, Evans filed the instant motion to remand this civil action to the Superior Court of the Virgin Islands, contending that this Court lacks subject-matter jurisdiction because "there is no longer a federal question at issue" and comity and judicial efficiency counsel in favor of allowing the territorial court to apply its own law.  (Dkt. #6).  Limetree Bay Terminals has opposed the motion, arguing that the Court should retain jurisdiction over this civil action because Evans has "engaged in impermissible forum manipulation by eliminating her sole federal claim after removal" and, in the alternative, that the Court "possesses diversity jurisdiction" over this civil action pursuant to 28 U.S.C. § 1332(a).  (Dkt. #9).

On May 12, 2026, the Court ordered the parties to address the holdings and analyses of three cases that are relevant to the legal arguments at issue in the motion to remand but were not discussed by either party in their briefs.  *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30, 43-44 (2025); *USX Corp. v. Adriatic Ins.*, 345 F.3d 190, 205-06 & nn.11-13 (3d Cir. 2003); *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769

---

[2] Neither Limetree Bay Terminals' notice of removal nor its civil cover sheet alleged federal diversity jurisdiction under 28 U.S.C. § 1332(a) or any other basis for this Court's original jurisdiction.  (Dkt. #1, 1-2).

F.3d 204, 214 (3d Cir. 2014).  (Dkt. #27).  The parties filed supplemental briefs on May 21, 2026.  (Dkt. #28, 29).

## II

The right to remove a lawsuit from state or territorial court to federal court "is entirely a creature of statute," and a suit initiated in one of those fora "must remain there until cause is shown for its transfer under some act of Congress."  *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (citation modified).  As relevant here, one such basis for removal provided by Congress is found in 28 U.S.C. § 1441(a), which authorizes removal if the civil action brought in a territorial court "is one over which the district courts of the United States have original jurisdiction."  *Enbridge Energy, LP v. Nessel ex rel. Michigan*, 608 U.S. ___, 146 S. Ct. 1074, 1079 (2026) (citation modified); *see also* 48 U.S.C. § 1612(a) ("The District Court of the Virgin Islands shall have the jurisdiction of a District Court of the United States . . . .").  Removal premised on a district court's original jurisdiction occurs most often when "a plaintiff sues in state court bringing federal claims" or when a "plaintiff and defendant are from different States and there is a sufficient amount in controversy."  *Enbridge Energy*, 146 S. Ct. at 1079 (citing 28 U.S.C. §§ 1331, 1332(a)).

The burden of establishing the federal court's original jurisdiction is on the party removing the case to federal court, here Limetree Bay Terminals.  *See Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).  Because removal statutes implicate federalism concerns, they are to be narrowly construed and all doubts as to whether removal is proper are to be resolved in favor of remand to the state or territorial court.  *See Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).  "If

at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

III

Limetree Bay Terminals first argues that Evans's "voluntary elimination of her FMLA claim" from her original complaint "does not divest this Court" of jurisdiction over this civil action, because "at the time of removal, this Court had federal question jurisdiction over [that] claim" and supplemental jurisdiction over the others. (Dkt. #9). But just last Term, the Supreme Court explained in a unanimous opinion that, where a "plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves." *Royal Canin*, 604 U.S. at 30. And "[w]ith the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims." *Id.*

Here, Evans's original complaint contained a federal-law claim and thus was properly removed to this Court, *see* 28 U.S.C. § 1331, and the two additional territorial-law claims were sufficiently related to the federal one to come within this Court's supplemental jurisdiction, *see id.* § 1367(a). But when Evans amended her original complaint after it was removed to federal court, she "wipe[d] the jurisdictional slate clean, giving rise to a new analysis with a different conclusion." *Royal Canin*, 604 U.S. at 34; *see also* 6 Wright & Miller's Federal Practice & Procedure § 1476 (3d ed. 2010) (explaining that when a plaintiff amends her complaint, the new pleading "supersedes" the old one and the "original pleading no longer performs any function in the case"). Evans's deletion of the sole federal-law claim has deprived this Court of federal-question jurisdiction, and the Court's

4

supplemental jurisdiction over the territorial-law claims has "dissolved too." *Royal Canin*, 604 U.S. at 44. Tellingly, Limetree Bay Terminals does not dispute the applicability of *Royal Canin* to the Court's analysis of its federal-question jurisdiction. (Dkt. #28).

With federal-question jurisdiction no longer a viable path, Limetree Bay Terminals reaches for federal diversity jurisdiction as an alternative basis for denying Evans's motion to remand and retaining this civil action. (Dkt. #9, 28). But in removed cases, a federal court may exercise jurisdiction only on a basis which the removing party has alleged in its notice of removal. *See USX*, 345 F.3d at 205-06 & nn.11-12; *A.S.*, 769 F.3d at 214.[3] This rule accords with the fundamental principle that the party seeking to establish federal jurisdiction bears the burden to do so. *Boyer*, 913 F.2d at 111.

Here, Limetree Bay Terminals supplied only two bases for federal subject-matter jurisdiction in its notice of removal: federal-question and supplemental jurisdiction. (Dkt. #1). Nowhere in the notice of removal did it invoke 28 U.S.C. § 1332 as a basis for removal of this action. (Dkt. #1, 28). Nor did it amend its notice of removal to include such a basis during "the 30-day period within which an action may be removed" and "a removal notice

---

[3] *See also, e.g.*, *Lopez-Munoz v. Triple-S Salud, Inc.*, 754 F.3d 1, 4 (1st Cir. 2014) (explaining "whether federal jurisdiction exists" is "cabined by the notice of removal," which must make an "effort to defend removal on [a specific] ground"); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 n.4 (11th Cir. 2003) (declining to exercise federal diversity jurisdiction because it was not alleged in the notice of removal); *Lupo v. Human Affs. Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994) (same); *Gavin v. AT&T Corp.*, 464 F.3d 634, 640-41 (7th Cir. 2006) (similar); 14 Wright & Miller's Federal Practice & Procedure § 3733 (4th ed. 2012) ("[D]efendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proffered basis of removal."); *accord* 28 U.S.C. § 1446(a) (requiring a "short and plain statement of the grounds for removal").

may be amended freely." *USX*, 345 F.3d at 206 n.13; *see* 28 U.S.C. § 1653; *see also Susino v. Air & Liquid Sys. Corp.*, No. 3:21-cv-0038, 2023 WL 4546241, at *4 (D.V.I. July 14, 2023) (citing *USX*, 345 F.3d at 206 n.13).  Limetree Bay Terminals' invocation of federal diversity jurisdiction, rather, arose only as a secondary argument in its opposition to the motion to remand.  (Dkt. #9).  Consequently, this "new ground[] for removal" with "new factual allegations" is a "basis of jurisdiction different from that originally alleged" and, thus, is not one on which this Court may rely.  *USX*, 345 F.3d at 205 & n.11.  And any future request to amend the notice of removal would be impermissible, because "amendments to removal notices" outside of the 30-day window in which a defendant may freely do so are permitted only where they "clarify (or correct technical deficiencies in) the allegations already contained in the original notice," not where they "create an entirely new basis for jurisdiction," *A.S.*, 769 F.3d at 214 (citation modified); *see also USX*, 345 F.3d at 205 & nn.11-13; *Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014).  Limetree Bay Terminals does not offer any principled basis for disregarding the specific legal propositions articulated in *USX* and *A.S.* that the Court raised in its supplemental briefing order.  (Dkt. #27, 28).

Accordingly, Limetree Bay Terminals has not met its "burden to show the existence and continuance of federal jurisdiction" and remand is therefore appropriate.  *Steel Valley Auth.*, 809 F.2d at 1010.

*     *     *

6

For these reasons, it is hereby:

ORDERED that Plaintiff Regina Evans's motion to remand (Dkt. #6) is GRANTED; and it is further

ORDERED that this civil action be REMANDED to the Superior Court of the Virgin Islands.

The Clerk is directed to close this civil action.

SO ORDERED.

Dated:   May 28, 2026

/s/ Cheryl Ann Krause
CHERYL ANN KRAUSE
United States Circuit Judge